

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES LEE MATHEWS, | No. 09-15095 |
| Plaintiff - Appellant, | D.C. No. 2:06-CV-00286-GEB-JFM |
| v. | |
| COUNTY OF BUTTE; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Submitted June 15, 2012**
San Francisco, California

Before: D.W. NELSON, GOULD, and BEA, Circuit Judges.

James Lee Mathews appeals the district court's grant of summary judgment

to Butte County, and employees of the Butte County Jail ("Jail"). We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

As an initial matter, the district court did not abuse its discretion in excluding several untimely declarations pursuant to Federal Rule of Civil Procedure 37(c)(1). Given Mathews' failure to oppose the Motion to Strike the declarations, it was reasonable for the district court to conclude that Mathews did not disclose the declarants' identities pursuant to Rule 26 and that this omission was not substantially justified or harmless. *Id.*

The district court properly granted summary judgment. First, Mathews has not adduced evidence from which a jury could conclude that Deputy Engasser's use of force amounted to punishment in violation of the Due Process Clause of the Fourteenth Amendment.[1] It is undisputed that Mathews refused to obey Engasser's commands four times in a row. Moreover, although Engasser initially threatened to use mace, he promptly put it away. Even when taking the facts in the light most favorable to Mathews, no jury could find that Engasser acted "maliciously and sadistically for the very purpose of causing harm." *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002) (internal quotation marks omitted).

Mathews' remaining claims cannot overcome summary judgment. He has failed to present evidence sufficient for a jury to conclude (1) that the Jail staff

---

[1] Because Mathews did not allege a Fourth Amendment claim, we express no view on whether Engasser's use of force was objectively unreasonable under the Fourth Amendment.

tampered with his legal mail; (2) that the Jail staff made comments to him that were "unusually gross even for a prison setting and were calculated to and did cause him psychological damage," *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996); or (3) that he was harmed by the Jail's deliberate indifference to his serious medical need, *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Nor has Mathews alleged an act of retaliation that has satisfied the exhaustion requirement of the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a). Finally, because there was no constitutional violation, the district court was correct not to rule on any claim brought under *Monell v. Dep't of Soc. Servs. New York*, 436 U.S. 658, 694 (1978). *See Quintanilla v. City of Downey*, 84 F.3d 353, 355 (9th Cir. 1996).

**AFFIRMED**.